[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13029
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20064-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELO MANRIQUE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 15, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Marcelo Manrique appeals his life term of supervised release and the restitution award ordered after he pled guilty to one count of possession of material involving a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  On appeal, he argues: (1) the district court erred procedurally in imposing a life term of supervised release because it failed to adequately explain the sentence and consider the required 18 U.S.C. § 3553(a) factors; (2) the life term of supervised release was substantively unreasonable; and (3) the district court imposed an erroneous restitution amount.  We will address each of these contentions in turn.  After review, we affirm.

## I.  DISCUSSION

As the parties are familiar with the facts of this case, we will not recount them in detail.  We include only those facts necessary to the discussion of each issue.

### A.  *Procedural Reasonableness*

The reasonableness of a sentence is generally reviewed through a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  The first step is to "ensure that the district court committed no significant procedural error such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the  § 3553(a) factors,

2

selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Manrique did not clearly articulate an objection to his sentence on procedural grounds, and therefore we review his procedural reasonableness claim for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (stating when a party does not clearly articulate an objection on procedural grounds at the time of sentencing, plain error review is appropriate). The record shows the district court stated it had considered the § 3553(a) factors before announcing its total sentence, and added it thought the sentence was fair in light of all of the § 3553(a) factors. Additionally, the court stated it had considered the parties' arguments—such as Manrique's argument in favor of a 15-year term of supervised release. Moreover, Manrique does not argue the court improperly calculated or failed to calculate the Guidelines range, and the record reflects the court referred to the Guidelines as advisory, indicating it did not treat them as mandatory. Manrique also does not point to any clearly erroneous facts upon which the district court based his term of supervised release, nor does the record reveal any. As to Manrique's argument the district court did not adequately explain the sentence, the court explained it did not think Manrique was a danger to recidivate and the sentence was sufficient but not excessive to perform a deterrent function. Considering the court imposed a Guidelines term of supervised release,

3

the explanation was sufficient to demonstrate the court considered the parties'

arguments and had a reasoned basis for exercising its authority.  *See Rita v. United*

*States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to

satisfy the appellate court that he has considered the parties' arguments and has a

reasoned basis for exercising his own legal decisionmaking authority.").  For the

foregoing reasons, Manrique cannot show plain error.  *United States v. Rodriguez,*

398 F.3d 1291, 1298 (11th Cir. 2005) (stating under plain error review, there must

be (1) an error, (2) that is plain, (3) that affect the defendant's substantial rights,

and (4) seriously affects the fairness or integrity of the judicial proceedings).

## B.  Substantive Reasonableness

The second step when determining the reasonableness of a sentence is

review for substantive reasonableness.  *United States v. Talley*, 431 F.3d 784,

788 (11th Cir. 2005).  Substantive reasonableness review seeks to "evaluate

whether the sentence imposed by the district court fails to achieve the purposes of

sentencing as stated in section 3553(a)." *Id*.  The court must impose a sentence

"sufficient, but not greater than necessary to comply with the purposes" listed in

§ 3553(a)(2), including the need to reflect the seriousness of the offense, deter

criminal conduct, and protect the public from the defendant's future criminal

conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court

must also consider the nature and circumstances of the offense, the history and

characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The Sentencing Guidelines state the term of supervised release may be up to life if the offense at issue is a sex offense, and recommend the statutory maximum term of supervised release if the offense of conviction is a sex offense. U.S.S.G. § 5D1.2(b)(2). The statutorily authorized term of supervised release for a § 2252 offense is five years to life. 18 U.S.C. § 3583(k).

The record shows the district court weighed the § 3553(a) factors when deciding on a sentence, and it was not necessary for it to lay them out one by one. *See United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005) (stating district courts do not have to conduct an accounting of every § 3553(a) factor and explain the role each played in the sentencing decision). Still, it specifically discussed the need for deterrence balanced with its belief Manrique was not a recidivism risk. Even if the court favored some factors over others, it was within its discretion to do so. *See United States v. Brown*, 772 F.3d 1262, 1267 (11th Cir. 2014) (stating it is within the court's discretion to afford one factor greater weight). Furthermore, the sentence imposed by the district court was within the Guidelines range, and was in accord with the Guidelines' recommendation that the supervised release term be

the statutory maximum, which indicates reasonableness. *See Talley*, 431 F.3d at 788 ("[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). Based on the foregoing, the district court's decision to impose a life term of supervised release does not leave a "definite and firm conviction" that it committed a clear error in judgment. *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (stating we will vacate a sentence imposed by a district court only when left with a "definite and firm conviction that the district court committed a clear error of judgment").

## C.  Restitution

We must resolve jurisdictional issues before addressing the merits of underlying claims, and have an obligation to review *sua sponte* whether we have jurisdiction. *United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005). Absent the filing of a timely notice of appeal, we are without jurisdiction to review the decision on the merits. *Id*. We review questions regarding our subject matter jurisdiction *de novo*. *Id.*

We previously held an appeal from a sentencing judgment that deferred restitution was premature and did not ripen until the district court either (1) ordered restitution or (2) lost the power to do so after 90 days. *See United States v. Kapelushnik*, 306 F.3d 1090, 1093-94 (11th Cir. 2002). However, the Supreme

Court later held "[t]he fact that a sentencing court misses the statute's 90-day deadline . . . does not deprive the court of the power to order restitution." *Dolan v. United States*, 560 U.S. 605, 611 (2010). We subsequently recognized, in light of *Dolan*, the *Kapelushnik* framework created an injustice because it was possible for an appeal to never ripen, and addressed whether judgments that deferred the issue of restitution were nevertheless final for appellate jurisdiction purposes. *United States v. Muzio*, 757 F.3d 1243, 1246 (11th Cir.), *cert. denied* 135 S. Ct. 395 (2014).

In *Muzio*, the district court entered a judgment sentencing the defendant to 163 months' imprisonment and stating restitution would be ordered but the determination of the amount would be deferred for 90 days, with an amended judgment entered after such determination. *Id.* at 1245. The defendant appealed that judgment, and an amended judgment reflecting the amount of restitution was never entered. *Id*. at 1245-46. However, we determined judgment was nonetheless final for purposes of appeal because it sentenced the defendant to a term of imprisonment. *Id*. at 1247. We concluded "a judgment imposing a prison sentence and restitution but leaving the specific amount of restitution unsettled is immediately appealable." *Id*. at 1250. We acknowledged the rule could "lead to bifurcation of some defendants' cases," but stated "[i]f a subsequent judgment is entered ordering restitution, the defendant may separately appeal that order, and

7

the appeal may be heard separately or consolidated with the initial appeal if that has not yet been resolved," or a defendant could avoid bifurcation by waiting to appeal until restitution was resolved. *Id*. As such, we held when courts enter sentencing judgments ordering restitution but deferring determination of the amount, defendants have the option to either (a) timely appeal from the initial judgment and then, if desired, timely appeal from the subsequent judgment finalizing the amount of restitution, or (b) timely appeal from the subsequent judgment only, in which case all issues will be heard in a single appeal. *Id*. at 1250 n.9.

We do not have jurisdiction to entertain Manrique's challenge to his restitution amount because he did not file a notice of appeal designating the amended judgment setting forth the restitution amount. *See Cartwright*, 413 F.3d at 1299. In his reply brief, Manrique argues *Muzio* is inapplicable because the amended judgment was never filed in that case, but *Muzio*'s discussion of a bifurcated appeals process shows its ruling also applies in situations such as this where an amended judgment was later filed. *See Muzio*, 757 F.3d at 1250. Manrique also argues his premature notice of appeal ripened following the entry of the amended judgment, but that argument relies on the *Kapelushnik* framework, which *Muzio*'s framework replaced. *See id*. at 1246. Under *Muzio*, Manrique was required to either appeal both the original judgment and the amended judgment, or

8

appeal the amended judgment only. *Id*. at 1250 n.9.  Instead, he appealed only the original judgment.  Therefore,  Manrique's challenge to the restitution order is dismissed for lack of jurisdiction. *See Cartwright*, 413 F.3d at 1299.

## II.  DISCUSSION

Accordingly, we affirm Manrique's sentence as set forth in the district court's original judgment, and dismiss his challenge to the restitution amount reflected in his amended judgment for lack of jurisdiction.

**AFFIRMED IN PART, DISMISSED IN PART.**