**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50330 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:18-cr-00163-MWF-1 |
| DARRA DANIELLE KITCHEN, AKA Dime, AKA Twitty, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 10, 2019
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and BASTIAN,** District Judge.

Following Defendant Darra Kitchen's conviction for possession of stolen

mail, in violation of 18 U.S.C. § 1708, the district court sentenced her to 110 days'

imprisonment, followed by three months of supervised release. Kitchen appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stanley A. Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

the district court's imposition of a special condition of supervised release requiring Kitchen to submit her "computers[,] . . . cell phones, other electronic communications or data storage devices . . . to a search . . . . upon reasonable suspicion that [Kitchen] has violated a condition of [her] supervision and that the areas to be searched contain evidence of this violation" (the Electronic Search Condition). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the Electronic Search Condition and remand to the district court.

Contrary to the government's argument, Kitchen's appeal is not moot. Although the district court issued a new judgment after Kitchen violated the conditions of supervised release, that judgment imposed the same conditions of supervised release, including the Electronic Search Condition. Accordingly, although Kitchen's appeal challenges the district court's original judgment, "we construe [her] appeal also to challenge the district court's imposition of special conditions of supervised release that parallel the original conditions of probation." *United States v. Wynn*, 553 F.3d 1114, 1119 (8th Cir. 2009). Because Kitchen is still subject to the Electronic Search Condition, she "continue[s] to have a 'personal stake in the outcome' of the lawsuit," and her appeal remains live. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).

We conclude that the district court plainly erred by "fail[ing] adequately to

explain" why it imposed the Electronic Search Condition. *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (quoting *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)). The court explained that it was imposing the condition because it agreed "with the Government and the probation office [] that in light of the theft, [the Electronic Search Condition] does seem to be an appropriate condition." That explanation fails to "permit meaningful appellate review," *Carty*, 520 F.3d at 992, because it does not clarify *why* the Electronic Search Condition was appropriate considering Kitchen's crime. Contrary to the government's argument, we do not believe an "adequate explanation" for the Electronic Search Condition "may [] be inferred from the PSR or the record as a whole." *Id*. Kitchen's crime, possession of stolen mail, did not involve the use of an electronic device, and it is not obvious in the absence of explanation why the district court believed the Electronic Search Condition is reasonably related to the goal of deterrence, protection of the public, or Kitchen's rehabilitation, as required by 18 U.S.C. § 3553(a). *See United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003).

The district court also failed to explain why it rejected Kitchen's "specific, nonfrivolous argument [against the Electronic Search Condition] tethered to a relevant § 3553(a) factor." *Carty*, 520 F.3d at 992. Before the court imposed the condition, Kitchen argued that, because "[t]here is no indication that [Kitchen] did

in this case or has ever used electronic means to steal mail or personally identifiable information[, . . . .] intrusion into her and search into her personal property . . . is greater than necessary to fulfill the requirements for sentencing." The court's brief explanation, which did not respond to Kitchen's contention, does not "satisfy [us] that [it] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).[1]

**VACATED and REMANDED.**

---

[1] Because we hold that the district court procedurally erred by failing to adequately explain why it imposed the Electronic Search Condition, we do not address Kitchen's arguments that the district court abused its discretion by imposing the condition, that the condition is unconstitutionally vague and overbroad, or that the condition impermissibly delegates authority to the United States Probation Office.

*United States v. Kitchen*, No. 18-50330

FRIEDLAND, Circuit Judge, dissenting:

I believe that Kitchen's appeal is moot. In my view, her appeal of the district court's imposition of the Electronic Search Condition as a condition of her term of supervised release was mooted by the district court's subsequent revocation of that term. Although the district court subsequently imposed an identical condition, Kitchen did not file a notice of appeal of that judgment and therefore is not entitled to appellate review of that judgment. *See Manrique v. United States*, 137 S. Ct. 1266, 1271-72 (2017) ("To secure appellate review of a judgment or order, a party must file a notice of appeal from *that* judgment or order." (emphasis added)). I do not think the Eighth Circuit's approach in *United States v. Wynn*, 553 F.3d 1114 (8th Cir. 2009), resolves this problem, as the defendant in *Wynn* did file a notice of appeal of the later judgment re-imposing the supervision condition. *Id.* at 1116. I therefore believe we lack jurisdiction and would dismiss Kitchen's appeal without reaching the merits.

For these reasons, I respectfully dissent.