(Slip Opinion)            OCTOBER TERM, 2016            1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## MANRIQUE *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 15–7250.   Argued October 11, 2016—Decided April 19, 2017

After federal agents found child pornography on petitioner's computer, he pleaded guilty to possessing a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U. S. C. §§2252(a)(4)(B) and (b)(2), an offense requiring a district court to "make restitution to the victim of the offense," §3663A(a)(1).  The District Court entered an initial judgment sentencing petitioner to a term of imprisonment. It also acknowledged that restitution was mandatory but deferred determination of the restitution amount.  Petitioner filed a notice of appeal from this initial judgment.  Months later, the District Court entered an amended judgment, ordering petitioner to pay restitution to one of his victims.  Petitioner did not file a second notice of appeal from the amended judgment.  When he nonetheless challenged the restitution amount before the Eleventh Circuit, the Government argued that he had forfeited his right to do so by failing to file a second notice of appeal.  The Eleventh Circuit agreed, holding that petitioner could not challenge the restitution amount.

*Held*: A defendant wishing to appeal an order imposing restitution in a deferred restitution case must file a notice of appeal from that order. If he fails to do so and the Government objects, he may not challenge the restitution order on appeal.  Pp. 3–9.

   (a) Both 18 U. S. C. §3742(a), which governs criminal appeals, and Federal Rule of Appellate Procedure 3(a)(1) contemplate that a defendant will file a notice of appeal *after* the district court has decided the issue sought to be appealed.  Here, petitioner filed only one notice of appeal, which preceded by many months the sentence and judgment imposing restitution.  He therefore failed to properly appeal the amended judgment.  Whether or not the requirement that a defendant file a timely notice of appeal from an amended judgment impos-

ing restitution is a jurisdictional prerequisite, it is at least a manda-
tory claim-processing rule, which is "unalterable" if raised properly
by the party asserting a violation of the rule. *Eberhart* v. *United
States*, 546 U. S. 12, 15. Because the Government timely raised the
issue, "the court's duty to dismiss the appeal was mandatory." *Id.*, at
18. Pp. 3–5.

(b) Petitioner's argument that his single notice of appeal sufficed
under the Federal Rules to appeal both judgments depends on two
premises: First, in a deferred restitution case, there is only one
"judgment," as that term is used in Rules 4(b)(1) and (b)(2); and sec-
ond, so long as a notice of appeal is filed after the initial judgment, it
"springs forward" under Rule 4(b)(2) to appeal the amended judg-
ment imposing restitution. Each premise is rejected. Pp. 5–7.

(1) This Court's analysis in *Dolan* v. *United States*, 560 U. S. 605,
makes clear that deferred restitution cases involve two appealable
judgments, not one. The *Dolan* Court did not decide the question
presented here, but the Court was not persuaded by the argument
that "a sentencing judgment is not 'final' until it contains a definitive
determination of the amount of restitution." *Id.*, at 617–618. In-
stead, the Court recognized, "strong arguments" supported the propo-
sition that both the initial judgment and the restitution order were
each immediately appealable final judgments. *Ibid.* Pp. 5–6.

(2) Because petitioner's notice of appeal was filed well before the
District Court announced the sentence imposing restitution, the no-
tice of appeal did not "spring forward" to become effective on the date
the court entered its amended restitution judgment. By its own
terms, Rule 4(b)(2) applies only to a notice of appeal filed after a sen-
tence has been announced and before the judgment imposing the sen-
tence is entered on the docket. Even if the District Court's acknowl-
edgment in the initial judgment that restitution was mandatory
could qualify as a "sentence" that the District Court "announced" un-
der Rule 4(b)(2), petitioner has never disputed that restitution is
mandatory for his offense. Rather, he argued on appeal that the
*amount* imposed is unlawful. Pp. 6–7.

(c) Petitioner's alternative argument that any defect in his notice of
appeal should be overlooked as harmless error is rejected. *Lemke* v.
*United States*, 346 U. S. 325, on which he relies, has been superseded
by the Federal Rules of Appellate Procedure in two ways. First, the
*Lemke* petitioner's notice of appeal would now be timely under Rule
4(b)(2). Petitioner in this case cannot take advantage of that Rule.
Second, Rule 3(a)(2) now provides the consequences for litigant errors
associated with filing a notice of appeal. The court of appeals may, in
its discretion, overlook defects in a notice of appeal *other* than the
failure to timely file a notice. It may not overlook the failure to file a

Syllabus

notice of appeal at all. Pp. 8–9.

618 Fed. Appx. 579, affirmed.

THOMAS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and KENNEDY, BREYER, ALITO, and KAGAN, JJ., joined. GINSBURG, J., filed a dissenting opinion, in which SOTOMAYOR, J., joined. GORSUCH, J., took no part in the consideration or decision of the case.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 15–7250

_____

## MARCELO MANRIQUE, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[April 19, 2017]

JUSTICE THOMAS delivered the opinion of the Court.

Sentencing courts are required to impose restitution as part of the sentence for specified crimes. But the amount to be imposed is not always known at the time of sentencing. When that is the case, the court may enter an initial judgment imposing certain aspects of a defendant's sentence, such as a term of imprisonment, while deferring a determination of the amount of restitution until entry of a later, amended judgment.

We must decide whether a single notice of appeal, filed between the initial judgment and the amended judgment, is sufficient to invoke appellate review of the later-determined restitution amount. We hold that it is not, at least where, as here, the Government objects to the defendant's failure to file a notice of appeal following the amended judgment.

I

After federal agents found more than 300 files containing child pornography on his computer, petitioner Marcelo Manrique pleaded guilty to possessing a visual depiction of a minor engaging in sexually explicit conduct, in viola-

tion of 18 U. S. C. §§2252(a)(4)(B) and (b)(2).   Under the
Mandatory Victims Restitution Act of 1996 (MVRA), the
District Court was required to order petitioner to "make
restitution to the victim of the offense."  §3663A(a)(1); see
§§2259(a), (b)(2) ("An order of restitution under this sec-
tion shall be issued and enforced in accordance with
[§]3664 in the same manner as an order under [§]3663A").

On June 24, 2014, the District Court entered an initial
judgment sentencing petitioner to 72 months of imprison-
ment and a life term of supervised release.   At the sen-
tencing hearing, the court acknowledged that restitution
was mandatory.   But, consistent with the MVRA, the court
postponed determining the victims' damages, which had
not yet been ascertained.   See, *e.g.*, §3664(d)(5); *Dolan* v.
*United States*, 560 U. S. 605, 607–608 (2010).   Accordingly,
the judgment expressly deferred "determination of restitu-
tion" and noted that an "Amended Judgment . . . w[ould]
be entered after such determination."  App. 39.  On July 8,
petitioner filed a notice of appeal "from the final judgment
and sentence entered in this action on the 24th day of
June, 2014." *Id.*, at 42.

The District Court held a restitution hearing on Sep-
tember 17, 2014.   Only one of the victims sought restitu-
tion.  The court ordered petitioner to pay $4,500 in restitu-
tion to her and entered an amended judgment the next
day imposing that sentence.   Petitioner did not file a
second notice of appeal from the court's order imposing
restitution or from the amended judgment.

Notwithstanding his failure to file a second notice of
appeal, petitioner challenged the restitution amount
before the Eleventh Circuit, arguing in his brief that the
Government had not shown he was the proximate cause of
the victim's injuries and that the restitution amount bore
no rational relationship to the damages she claimed.   The
Government countered that petitioner had forfeited his
right to challenge the restitution amount by failing to file

a second notice of appeal.

The Court of Appeals agreed that petitioner could not challenge the restitution amount and declined to consider his challenge. 618 Fed. Appx. 579, 583–584 (CA11 2015) (*per curiam*). We granted certiorari, 578 U. S. \_\_\_ (2016), and now affirm.

## II

### A

To secure appellate review of a judgment or order, a party must file a notice of appeal from that judgment or order. Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals. The statute that governs appeals of criminal sentences, 18 U. S. C. §3742(a), provides that a "defendant may file a notice of appeal in the district court for review of an otherwise final sentence" in certain specified circumstances. See *United States* v. *Ruiz*, 536 U. S. 622, 626−628 (2002). And Federal Rule of Appellate Procedure 3(a)(1) specifies that "[a]n appeal permitted by law as of right . . . may be taken *only* by filing a notice of appeal with the district clerk within the time allowed by Rule 4." (Emphasis added.)

Both §3742(a) and Rule 4 contemplate that the defendant will file the notice of appeal *after* the district court has decided the issue sought to be appealed. Section 3742(a)(1) permits the defendant to file a notice of appeal of a sentence that "*was* imposed in violation of law." (Emphasis added.) And Rule 4(b)(1)(A)(i) provides generally that, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days *after* . . . the entry of either the judgment or the order being appealed." (Emphasis added.)

Petitioner filed only one notice of appeal, which preceded by many months the sentence and judgment imposing restitution. His notice of appeal could not have been "for

review" of the restitution order, §3742(a), and it was not filed within the timeframe allowed by Rule 4.  He thus failed to properly appeal under the statute and the Rules the amended judgment imposing restitution.

The Government contends that filing a notice of appeal from the judgment imposing restitution is a jurisdictional prerequisite to securing appellate review of the restitution amount.  See, *e.g.*, Brief for United States 28–31.  This position follows, according to the Government, from many of our cases emphasizing the "jurisdictional significance" of a notice of appeal.  *E.g.*, *Griggs* v. *Provident Consumer Discount Co.*, 459 U. S. 56, 58 (1982) (*per curiam*).  Because the notice of appeal is jurisdictional, the Government explains, the Court of Appeals was required to dismiss petitioner's appeal regardless of whether the Government raised the issue.

We do not need to decide in this case whether the Government is correct.  The requirement that a defendant file a timely notice of appeal from an amended judgment imposing restitution is at least a mandatory claim-processing rule.  See *Greenlaw* v. *United States*, 554 U. S. 237, 252–253 (2008); see also Rule 3(a)(2) ("An appellant's failure to take any step *other than the timely filing of a notice of appeal* does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal" (emphasis added)).  Mandatory claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times."  *Henderson* v. *Shinseki*, 562 U. S. 428, 435 (2011).  Unlike jurisdictional rules, mandatory claim-processing rules may be forfeited "if the party asserting the rule waits too long to raise the point."  *Eberhart* v. *United States*, 546 U. S. 12, 15 (2005) (*per curiam*) (internal quotation marks omitted).  If a party "properly raise[s] them," however, they are "unalterable."  *Id.*, at 15,

19.

The Government timely raised petitioner's failure to file a notice of appeal from the amended judgment imposing restitution before the Court of Appeals. See Brief for United States in No. 14–13029 (CA11), pp. 22–25 (arguing that petitioner "waived his right to appeal the district court's order of restitution by failing to file a notice of appeal from that order" (capitalization omitted)). Accordingly, "the court's duty to dismiss the appeal was mandatory." *Eberhart*, *supra*, at 18.

### B

Petitioner disputes this conclusion, arguing that his single notice of appeal sufficed under the Rules to appeal both the initial judgment and the amended judgment imposing restitution. As we understand it, his argument depends on two premises: First, in a deferred restitution case, there is only one "judgment," as that term is used in Rules 4(b)(1) and (b)(2); and second, so long as a notice of appeal is filed after the initial judgment, it "springs forward" under Rule 4(b)(2) to appeal the amended judgment imposing restitution. We reject each of these premises.

### 1

Petitioner argues that the initial judgment deferring restitution and the amended judgment imposing a specific restitution amount merge to become "the judgment" referenced in the Federal Rules. See Rule 4(b)(1)(A)(i) (notice of appeal must be filed within 14 days after "the entry of . . . the judgment . . . being appealed"); Rule 4(b)(2) ("Filing Before Entry of Judgment"). He argues that his notice of appeal, which was filed within 14 days of the initial judgment, was therefore sufficient to invoke appellate review of the merged judgment.

Petitioner's approach is inconsistent with our reasoning in *Dolan*, 560 U. S. 605. The petitioner in that case ar-

gued that the amended judgment imposing restitution is the *only* final*,* appealable judgment in a deferred restitution case. See *id.*, at 616. Although we did not decide "whether or when a party can, or must, appeal"—the question presented here—we were not persuaded by the argument that "a sentencing judgment is not 'final' until it contains a definitive determination of the amount of restitution." *Id.*, at 617–618. To the contrary, we recognized "strong arguments" supporting the proposition that both the "initial judgment [that] imposed a sentence of imprisonment and supervised release" and the subsequent "'sentence that impose[d] an order of restitution'" were each immediately appealable final judgments. *Ibid.* (citing 18 U. S. C. §§3582(b) (imprisonment), 3583(a) (supervised release), and 3664(*o*) (restitution)). Consequently, we were not surprised "to find instances where a defendant ha[d] appealed from the entry of a judgment containing an initial sentence that includes a term of imprisonment" and "subsequently appealed from a later order setting forth the final amount of restitution." 560 U. S., at 618. Our analysis in *Dolan* thus makes clear that deferred restitution cases involve two appealable judgments, not one.*

2

Petitioner's reliance on Rule 4(b)(2) is also misplaced. That Rule provides that a "notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." A prematurely filed notice of appeal will become effective under the Rule to challenge a later-entered judgment in some circumstances. As this Court explained in construing Rule 4(a)(2)'s paral-

---

*We do not intend to call into question this Court's decision in *Corey* v. *United States*, 375 U. S. 169, 176 (1963) (holding that a defendant may challenge his conviction after a single notice of appeal filed from a final sentence imposed under §4208(b)).

lel provision for civil cases, the Rule "was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *FirsTier Mortgage Co.* v. *Investors Mortgage Ins. Co.*, 498 U. S. 269, 276 (1991).

By its own terms, however, Rule 4(b)(2) applies only to a notice of appeal filed after a sentence has been "announce[d]" and before the judgment imposing the sentence is entered on the docket. See Rule 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket"). If the court has not yet decided the issue that the appellant seeks to appeal, then the Rule does not come into play. Accordingly, it does not apply where a district court enters an initial judgment deferring restitution and subsequently amends the judgment to include the sentence of restitution. By deferring restitution, the court is *declining* to announce a sentence.

When petitioner filed his notice of appeal in this case, the District Court had observed only that restitution was "mandatory." App. 27. The court did not announce the restitution amount (or even hold a hearing on the issue) until months later. Even if describing restitution as mandatory could qualify as a "sentence" that the District Court "announced" under Rule 4(b)(2), petitioner has never disputed that restitution is mandatory for his offense. Rather, he argued on appeal that the *amount* of the restitution imposed—an issue the court did not consider until months later—is unlawful. Because petitioner's notice of appeal was filed well before the District Court announced the sentence imposing $4,500 in restitution, the notice of appeal did not "spring forward" to become effective on the date the court entered its amended judgment imposing that sentence.

## C

Finally, petitioner argues in the alternative that any defect in his notice of appeal should be overlooked as harmless error, citing *Lemke* v. *United States*, 346 U. S. 325 (1953) (*per curiam*). In that case, the petitioner filed a notice of appeal the day after his sentence was announced but three days before the judgment was entered. *Id.*, at 326. His notice of appeal was dismissed as premature under Federal Rule of Criminal Procedure 37(a)(2), which then governed notices of appeal in criminal cases. This Court reversed on the ground that the premature filing was harmless error under Rule 52(a). *Ibid.*

The Court's holding in *Lemke* does not apply to petitioner's failure to file a notice of appeal from the amended judgment. *Lemke* has been superseded by the Federal Rules of Appellate Procedure in two ways. First, the *Lemke* petitioner's notice of appeal would now be timely under Rule 4(b)(2). As discussed in Part II–B–2, *supra*, petitioner here cannot take advantage of that rule. Second, Rule 3(a)(2) now provides the consequences for litigant errors associated with filing a notice of appeal. The court of appeals may, in its discretion, overlook defects in a notice of appeal *other* than the failure to timely file a notice. It may not overlook the failure to file a notice of appeal at all. The filing of a notice of appeal from an amended judgment imposing restitution is at least a mandatory claim-processing rule, Part II–A, *supra,* meaning that the requirement to file such a notice is unalterable, so long as the opposing party raises the issue. By definition, mandatory claim-processing rules, although subject to forfeiture, are not subject to harmless-error analysis.

Petitioner in this case did not file a defective notice of appeal from the amended judgment imposing restitution, but rather failed altogether to file a notice of appeal from the amended judgment. Courts do not have discretion to overlook such an error, at least where it is called to their

attention.

\*   \*   \*

We hold that a defendant who wishes to appeal an order imposing restitution in a deferred restitution case must file a notice of appeal from that order. Because petitioner failed to do so, and the Government objected, the Court of Appeals properly declined to consider his challenge to the amount of restitution imposed. The judgment of the Court of Appeals, accordingly, is affirmed.

*It is so ordered.*

JUSTICE GORSUCH took no part in the consideration or decision of this case.

# SUPREME COURT OF THE UNITED STATES

_____

No. 15–7250

_____

## MARCELO MANRIQUE, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

[April 19, 2017]

JUSTICE GINSBURG, with whom JUSTICE SOTOMAYOR joins, dissenting.

Time limits, such as those stated in Federal Rules of Appellate Procedure 3 and 4, and other limitations prescribed in a procedural rule, this Court has held, are claim-processing rules, not jurisdictional requirements. See, *e.g.*, *Eberhart* v. *United States*, 546 U. S. 12, 15–19 (2005) (*per curiam*); *Kontrick* v. *Ryan*, 540 U. S. 443, 448, 452–456 (2004). That matter is settled, and the Court, today, leaves undisturbed prior opinions distinguishing claim-processing rules from jurisdictional orders. See, *e.g.*, *Gonzalez* v. *Thaler*, 565 U. S. 134, 141–143 (2012); *Henderson* v. *Shinseki*, 562 U. S. 428, 435–436, 441–442 (2011); *Scarborough* v. *Principi*, 541 U. S. 401, 413–414 (2004); cf. *Bowles* v. *Russell*, 551 U. S. 205, 209–213 (2007) (distinguishing statutory prescriptions from procedural rules).

As I see it, a defendant wishing to appeal his sentence and conviction when a restitution determination has been deferred has two choices: (1) He may immediately appeal his conviction and sentence of imprisonment, and later appeal the restitution order when made; or (2) he may await the restitution order and then appeal, through a single notice, his conviction, sentence of imprisonment, and restitution order. But even assuming, *arguendo*, that

separate appeal notices are ordinarily required, I would hold that Manrique is not barred from appealing the restitution order in the circumstances of this case. Federal Rule of Criminal Procedure 32(j)(1)(B) states:

> "*Appealing a Sentence.* After sentencing—regardless of the defendant's plea—the court must advise the defendant of any right to appeal the sentence."

The District Court gave Manrique the requisite advice upon sentencing him to imprisonment on June 23, 2014, see App. 29; that court gave no such advice upon amending its judgment on September 18, 2014 to include the amount of restitution ordered, see *id.*, at 10, 46–65. The Government agrees that the District Court was "absolutely" required to advise Manrique of his right to appeal the restitution order, and anticipates that the required advice "will prevent cases like this from arising again in the future." Tr. of Oral Arg. 28.

Aware of its obligation to advise Manrique of his right to appeal, the District Court appears to have assumed that no second notice was required to place the restitution amount before the Court of Appeals. Without awaiting another appeal notice, the District Court clerk transmitted the amended judgment, five days after its entry, to the Court of Appeals, which filed that judgment on the docket of the appeal from the conviction and sentence already pending in that court. App. 10. In turn, the Eleventh Circuit's clerk asked the District Court reporter to send up the transcript of, and record from, the restitution hearing. See Docket in No. 14–13029 (CA11).

In light of what occurred here, I would hold that the clerk's dispatch of the amended judgment to the Court of Appeals "confer[red] jurisdiction on the court of appeals." *Griggs* v. *Provident Consumer Discount Co.*, 459 U. S. 56, 58 (1982) (*per curiam*). In other words, in lieu of trapping an unwary defendant, see Tr. of Oral Arg. 29, I would rank

the clerk's transmission of the amended judgment to the Court of Appeals as an adequate substitute for a second notice of appeal.*

Because I would treat the clerk's transmission of the amended judgment as tantamount to, or effectively doing service for, a second appeal notice, I would reverse the Eleventh Circuit's judgment and allow Manrique to include the restitution order in his appeal.

———————
*Given the steps taken by the District Court, Court of Appeals, and the clerks of those courts, it was likely no surprise to the Government when Manrique challenged the restitution award in his opening brief on appeal. See Brief for Appellant in No. 14–13029 (CA11), pp. 23–29.