U.S. v. Pinhasov

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
                    DENNIS JACOBS,
                    ROBERT D. SACK,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

      Appellee,

      -v.-                                                                      16-297

ALIK PINHASOV,

      Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - -X

**FOR DEFENDANT-APPELLANT:** DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, NJ (Nicholas J. Pinto, New York, NY, <u>on the brief</u>).


**FOR APPELLEE:** RUSSELL CAPONE, Assistant United States Attorney (Sarah K. Eddy, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alik Pinhasov appeals his sentence and restitution order following a guilty plea in the Southern District of New York (Forrest, <u>J.</u>).  He also argues that his lawyer rendered ineffective assistance by failing to adequately investigate the loss amount associated with his fraudulent scheme.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Pinhasov argues that his sentence of 48 months' imprisonment--seven months above the top of his guidelines range of 33 to 41 months--is substantively and procedurally unreasonable.  We review the procedural and substantive reasonableness of a sentence for abuse of discretion.  <u>United States v. Verkhoglyad</u>, 516 F.3d 122, 127 (2d Cir. 2008).

We find no procedural error.  Over the course of a lengthy and thoughtful colloquy, the court properly calculated the guidelines range, observed that the

2

range was not presumptively reasonable, and considered the relevant 18 U.S.C. § 3553(a) factors. Most of the purported procedural errors Pinhasov identifies are substantive complaints, and his examples of erroneous factual findings either reflect an accurate assessment of the facts or do not involve a factual finding.

Nor is the sentence substantively unreasonable. Pinhasov argues that the court placed undue emphasis on certain facts and considerations; but a court's reliance on section 3553(a) factors to vary its sentence upwards is not an abuse of discretion when, as here, the court articulates reasons for treating the case as atypical. See United States v. Sindima, 488 F.3d 81, 87 (2d Cir. 2007). Judge Forrest explained that an above-guidelines sentence was appropriate because the guidelines did not adequately reflect the degree of harm Pinhasov inflicted on the victims, his lack of remorse, his breach of the victims' trust in an industry (the diamond trade) that depends on trust, or his multiple bail violations. The court also noted that the loss amount was not inflated because it comprised multiple instances of fraud over time and many different diamonds.

**2.** Pinhasov's supplemental pro se brief argues that the calculation of the loss amount for purposes of sentencing and restitution does not reflect his substantial repayments to the fraud victims. In support, Pinhasov adduces copies of checks, account statements, notes, and other materials allegedly reflecting repayments. Because Pinhasov neither raised these arguments nor presented this evidence at the time of sentencing or prior to the restitution order, we review the court's calculation of the loss amount for plain error. United States v. Zangari, 677 F.3d 86, 91 (2d Cir. 2012).

As to the guidelines calculation, Pinhasov's argument is foreclosed by his plea agreement, which waives his right to appeal any sentencing calculation consistent with the parties' stipulation that, among other thing, the loss amount was more than $1,000,000 and less than $2,500,000. App'x 10–12. The waiver was voluntary and knowing: Pinhasov's plea colloquy included a discussion of the loss amount contained in the stipulation and the consequences of both the loss amount and the appeal waiver. Id. at 30–34.

Pinhasov's challenge to the restitution order (which is not the subject of the appeal waiver) presents a jurisdictional complication. Pinhasov filed his notice

3

of appeal after judgment was entered on January 26, 2016, which was 76 days before the order of restitution was entered on April 11, 2016. See App'x 3, 4, 99–106. He did not file a second or amended notice of appeal, which would be required in the normal course for him to challenge the restitution order. Manrique v. United States, 137 S. Ct. 1266, 1274 (2017) ("[A] defendant who wishes to appeal an order imposing restitution in a deferred restitution case must file a notice of appeal from that order."). However, the government has not objected to the failure to file a second or amended notice of appeal. See id. ("Courts do not have discretion to overlook such an error, *at least where it is called to their attention*.") (emphasis added).

The circumstances raise the question of whether we have jurisdiction to entertain an appeal of a deferred restitution order when (i) the defendant failed to file a second or amended notice of appeal and (ii) the government did not object. This question need not be answered here, however, because even if we do have jurisdiction, Pinhasov has not demonstrated plain error. At sentencing, Pinhasov's counsel acknowledged that the loss amount "was calculated without deducting payments . . . made to some of the victims," but stated that the ultimate loss figure would fall within the $1,000,000 to $2,500,000 range to which the parties stipulated, App'x 52, and that the difference would not be "dramatic," id. at 54; see also id. at 55. The government predicted that the final restitution amount may reflect a difference "of a couple hundred thousand dollars," id. at 54, and Pinhasov's counsel agreed, id. at 55. About three months later, the court ordered Pinhasov to pay restitution in the amount of $2,314,438.40, id. at 4, about $300,000 less than the restitution amount recommended by probation. The district court did not err by ordering restitution within the parties' agreed loss-amount range.

**3.** Pinhasov also argues that he received ineffective assistance of counsel because his lawyer inadequately investigated the loss amount for the purposes of sentencing and restitution. Although we ordinarily defer review of such a claim to a collateral proceeding, we may review on direct appeal where, as here, "the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is beyond any doubt or in the interest of justice." United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (internal quotation marks omitted). A defendant claiming ineffective assistance must (1) demonstrate that his counsel's

4

performance "fell below an objective standard of reasonableness" in light of "prevailing professional norms," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) "affirmatively prove prejudice" arising from counsel's allegedly deficient representation, id. at 693.

Pinhasov's attorney's decision not to investigate the alleged repayments did not fall below an objective standard of reasonableness. The duty to investigate does not "compel defense counsel to investigate comprehensively every lead or possible defense." Greiner v. Wells, 417 F.3d 305, 321 (2d Cir. 2005). When there is "reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." Strickland, 466 U.S. at 691.

Pinhasov's evidence in support of his ineffectiveness claim consisting of 73 pages of loose, unverified documents, is not reliable--particularly given his fraudulent conduct, which included writing bad checks. Indeed, several of the same checks Pinhasov adduces to argue that he paid back his victims were cited by one of those victims as examples of bad checks written by Pinhasov to keep his scheme afloat. Moreover, Pinhasov admits that his payments to victims were often made in the form of cash and diamonds, sometimes under duress, and without precise contemporaneous records (to say the least). See, e.g., Supp. Brief 11 (describing repayment after victim's "cohorts[] kidnapped Mr. Pinhasov in Mumbai, India and held him at knife point" until they received a diamond). Under these circumstances, a reasonable attorney could conclude that such investigation would be futile.

We have considered the Appellant's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5