**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50378 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00048-MWF-2 |
| v. | |
| ELVIS HENRY IDADA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 3, 2020[**]
Pasadena, California

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[***] District Judge.

Elvis Idada pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. On appeal, he argues that: (1) the district court's amended judgment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

imposing restitution was untimely, and (2) his guilty plea was not knowing and voluntary. We have jurisdiction under 28 U.S.C. § 1291. We dismiss in part and affirm in part.

1.     Idada filed a notice of appeal from the initial judgment of conviction, which deferred the determination of the amount of restitution. He failed, however, to appeal from the amended judgment imposing restitution. The relevant facts here are identical to those of *Manrique v. United States*, 137 S. Ct. 1266 (2017). Manrique "filed only one notice of appeal, which preceded by many months the sentence and judgment imposing restitution." *Id*. at 1271. Thus, "[h]is notice of appeal could not have been 'for review' of the restitution order, § 3742(a), and it was not filed within the timeframe allowed by Rule 4. He thus failed to properly appeal . . . the amended judgment imposing restitution." *Id*. The Supreme Court held that, under these circumstances, we have a "mandatory" duty to dismiss the appeal challenging the restitution order. *Id*. at 1272; *see also Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019).

2.     Idada argues that his guilty plea was not knowing and voluntary, because the terms of a protective order prevented him from adequately reviewing and analyzing discovery material in his jail cell, and his defense team could not properly investigate and prepare the case. But the parties stipulated to the protective order, and Idada personally signed the stipulation. Idada also never objected to the

order below, or even asked to have the stipulation modified when the effects of the restrictions presumably became apparent to him. A defendant who is aware of any alleged prosecutorial misconduct at the time he makes a plea is "equipped . . . to voluntarily choose between accepting a plea and continuing to defend against the charges levied against him." *United States v. Seng Chen Yong*, 926 F.3d 582, 595 (9th Cir. 2019) (internal quotation marks omitted). Because Idada was aware of the effect of the protective order at the time he pled guilty, any defects in the order could not have "tainted his guilty plea or otherwise improperly induced it." *Id*.

**DISMISSED in part and AFFIRMED in part.**