20-3768-cr
*United States v. Vaccarelli*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER
### AMENDED – October 21, 2021

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                             20-3768-cr

LEON VACCARELLI,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | JONATHAN J. EINHORN, Jonathan J. Einhorn Law Offices, New Haven, CT. |
| For Appellee: | JENNIFER R. LARIA, Assistant United States Attorney (Michael S. McGarry & Marc H. Silverman, Assistant United States Attorneys, *on the brief*) *for* Leonard C. Boyle, Acting United States Attorney, District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED**.

Leon Vaccarelli appeals from a final judgment entered on October 30, 2020 after a jury convicted him of three counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; nine counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; six counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; and three counts of money laundering, in violation of 18 U.S.C. §§ 1957 and 2.   He was sentenced principally to 90 months' imprisonment and ordered to pay restitution in the amount of $1,456,632.77.   On appeal, Vaccarelli argues that: (1) the district court abused its discretion in excluding his proposed expert testimony; (2) the district court abused its discretion in admitting evidence pertaining to omissions and misrepresentations he made on certain compliance forms; (3) application of an adjustment for the use of sophisticated means under U.S. Sentencing Guidelines § 2B1.1(b)(10)(C) was procedurally unreasonable; and (4) the district court abused its discretion in refusing to credit against his restitution obligation certain payments that he claimed to have made.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues raised on appeal.

\*       \*       \*

**I.    Evidentiary Rulings**

"We review a district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error" and only where that error was not harmless.   *Cameron v. City of New*

*York*, 598 F.3d 50, 61 (2d Cir. 2010) (citation omitted). Vaccarelli challenges two of the district court's evidentiary rulings on appeal. First, he argues that the court erred in precluding the introduction of his proposed expert testimony. The district court excluded this testimony based on three grounds: inadequate disclosure under Federal Rule of Criminal Procedure 16; lack of helpfulness under Federal Rule of Evidence 702; and a high risk of jury confusion outweighing the evidence's probative value under Federal Rule of Evidence 403. Second, Vaccarelli contends that the district court erred in admitting testimony relating to his violations of the rules for registered representatives at his employer, The Investment Center ("TIC"), and Financial Industry Regulatory Authority ("FINRA")'s requirements for stockbrokers. In Vaccarelli's view, this evidence was unduly prejudicial and violated Federal Rule of Evidence 404(a) because it showed his propensity to commit crimes.

We conclude, first, that the district court did not abuse its discretion in excluding Vaccarelli's proposed expert testimony. Federal Rule of Criminal Procedure 16(b)(1)(C) requires that a defendant, "at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence." The written summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *United States v. Ulbricht*, 858 F.3d 71, 114 (2d Cir. 2017) (quoting Fed. R. Crim. P. 16(b)(1)(C)). We have previously perceived no abuse of discretion in the exclusion of expert evidence where disclosures "merely list[] general and in some cases extremely broad topics on which the expert[] might opine." *Id.* at 115. Here, Dr. Zonana's reports failed to specify the basis for his opinion that Vaccarelli is an alcoholic, the time period for which his diagnosis applies, or the medical criteria for his diagnosis. Dr. Zonana also failed to provide his opinions as to the effects of alcoholism, either on Vaccarelli or in general.

When a party fails to comply with Rule 16, the district court has "broad discretion in fashioning a remedy," which may include granting a continuance or ordering the exclusion of evidence. *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016) (citations omitted); Fed. R. Crim. P. 16(d)(2)(A)-(D) (noting that a district court may order "any other [remedy] that is just under the circumstances"). In considering whether a district court has abused its discretion, "we look to 'the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances.'" *Lee*, 834 F.3d at 159 (citations omitted). Here, the district court provided Vaccarelli with an opportunity to remedy his initial disclosure and notified him of its intention to hold a hearing, in accordance with *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), should the supplemental disclosure sufficiently narrow and preview Dr. Zonana's proposed testimony. Vaccarelli, however, failed to rectify his initial disclosure. *See Ulbricht*, 858 F.3d at 115 (finding that criminal defendants must "comply with established rules of procedure and evidence designed to assure both fairness and reliability" (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)). Under these circumstances, the district court acted well within its discretion in excluding the testimony under Rule 16. Given this conclusion, we need not address the district court's alternative holdings under Federal Rules of Evidence 702 and 403.

Vaccarelli's contention that the district court erred by admitting testimony that he violated TIC and FINRA regulations is likewise without merit. As an initial matter, the challenged testimony was direct evidence of the charged offense. Direct evidence is admissible if it is relevant under Rule 401 and its probative value is not substantially outweighed by a danger of unfair prejudice under Rule 403. Here, evidence of Vaccarelli's TIC and FINRA violations was relevant to Vaccarelli's "scheme to . . . conceal the defrauding" of his clients and probative of the

4

manner and means by which Vaccarelli committed the charged offense. For instance, had Vaccarelli been truthful in his disclosures to TIC, he likely would have alerted his employer to his fraudulent schemes. The district court was further within its discretion to determine that the evidence's probative value was not substantially outweighed by any risk of unfair prejudice because the evidence was "not any more sensational or disturbing than the charged crime." *United States v. Rosemond*, 958 F.3d 111, 125 (2d Cir. 2020) (internal quotation marks and citation omitted).

Finally, even if there was some potential for prejudice, the district court gave careful instructions to the jury not to convict for violation of a TIC rule, TIC contract, or FINRA rule, because none of these acts, standing alone, would constitute a crime under federal law. *See United States v. Mercado*, 573 F.3d 138, 142 (2d Cir. 2009). "[T]he law recognizes a strong presumption that juries follow limiting instructions." *United States v. Snype*, 441 F.3d 119, 129 (2d Cir. 2006). Accordingly, the district court did not abuse its discretion in admitting evidence of Vaccarelli's violations of TIC and FINRA requirements.

**II.  Sophisticated Means Enhancement**

Section 2B1.1(b)(10)(C) of the United States Sentencing Guidelines provides a two-level enhancement where "the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." Application Note Nine to U.S.S.G. § 2B1.1 defines sophisticated means as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense," including "[c]onduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts."

Vaccarelli contends that creating false investment agreements using TIC forms was no more than garden-variety fraud. We have recognized, however, that "the creation and use of false documents, and other tactics to conceal offense conduct, are indicia of the sophistication of an offense." *United States v. Fofanah*, 765 F.3d 141, 146 (2d Cir. 2014). Here, the false investment agreements created a false sense of legitimacy that helped Vaccarelli to convince his victims to invest their money. We have also held that, even where "each step in [a] scheme was not elaborate," a scheme as a whole may be sophisticated where "all the steps were linked together . . . [to] exploit different vulnerabilities in different systems in a coordinated way." *United States v. Jackson*, 346 F.3d 22, 25 (2d Cir. 2003), *vacated on other grounds sub. nom. Lauersen v. United States*, 543 U.S. 1097 (2005). The district court applied the sophisticated means enhancement on the basis of several elements of Vaccarelli's scheme, including: the scheme's six-year duration; the plundering of money from fifteen victims; the use of TIC to provide legitimate cover; and the use of shell companies such as LWLVACC, LLC. We agree with the district court that, taken together, these steps constitute far more than garden-variety fraud.

Thus, even under *de novo* review, we identify no procedural error in the district court's application of a U.S.S.G. § 2B1.1(b)(9)(C) enhancement.[1]

**III.    Restitution Calculation**

Finally, Vaccarelli argues that the district court's calculation of the restitution amount does not reflect legal fees that he paid on behalf of the Burton Trust and incorrectly includes a payment that was made to him as a loan. This argument is foreclosed, however, by the Supreme Court's

---

[1] In reviewing the application of the sophisticated means enhancement, we apply "*de novo* review of questions of law (including interpretations of the Guidelines) and clear-error review of questions of fact." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020). Here, because the enhancement was procedurally sound under *de novo* review, we need not consider which of the two standards properly applies.

holding that a "single notice of appeal, filed between the initial judgment and the amended judgment" is not "sufficient to invoke appellate review of the later-determined restitution amount" where the government "objects to the defendant's failure to file a notice of appeal following the amended judgment." *Manrique v. United States*, 137 S. Ct. 1266, 1270 (2017).   Vaccarelli filed his notice of appeal after judgment was entered on October 28, 2020, which was nearly two months before the order of restitution was entered on December 23, 2020.   He failed to file a second or amended notice of appeal after the restitution order was entered.   Because the government has objected to Vaccarelli's failure to file a second or amended notice of appeal, dismissal is required.

\* \* \*

We have considered Vaccarelli's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal in part, and **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

7