[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14861

Non-Argument Calendar

_____

DIMITAR PETLECHKOV,

                                                            Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Department of Homeland Security
Agency No. A216-634-377

_____

2                          Order of the Court                    20-14861

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Dimitar Petlechkov, proceeding pro se, seeks reconsideration and clarification of our opinion issued on April 20, 2023. Among other things, Petlechkov points out that our prior opinion was abrogated in part by *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1110 (2023), which explains that the exhaustion requirement in 8 U.S.C. § 1252(d)(1) is not jurisdictional.

We grant Petlechkov's motion for clarification, vacate our prior opinion, and issue this order for a limited remand to the Department of Homeland Security in its place. We also grant his motion to waive the requirements for filing paper copies of his motions. We deny Petlechkov's motions to take judicial notice and to supplement the record, and we deny his petition for rehearing as moot.

Petlechkov seeks review of an order issued by the Department of Homeland Security for his expedited removal from the United States as an alien convicted of an aggravated felony. *See* 8 U.S.C. §§ 1228; 1227(a)(2)(A)(iii). He contends that the Department violated his Fifth Amendment due process rights by failing to provide notice of the charge of removability and an opportunity to respond. Specifically, he alleges that the Notice of Intent to Issue a Final Administrative Removal Order contained in the administrative record was never served on him, contrary to the (illegibly)

20-14861                 Order of the Court                 3

signed but unsworn certificate of service on the document. He argues that even if the Notice had been served on him, he would not have been able to respond because it did not provide a return address. And he argues that if he had been given the opportunity to respond, he would have shown (among other things) that the restitution order relied on by the Department was "insufficient as a matter of law" to establish that his mail-fraud conviction involved the amount of loss necessary to qualify as an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii). *Obasohan v. U.S. Att'y Gen.*, 479 F.3d 785, 791 (11th Cir. 2007), *abrogated on other grounds by Nijhawan v. Holder*, 557 U.S. 29 (2009). He asks this Court to vacate the order of removal and direct the Department to compensate him in various ways for the time he spent in Department custody before his removal.

The Attorney General responds, in part, that a deportation officer "attempted to serve Petlechkov with a Notice of Intent," but Petlechkov "refused to acknowledge receipt" of the Notice. Respondent's Br. at 6. It also argues that we should dismiss the petition because Petlechkov failed to administratively exhaust his challenges to removal by raising them in response to the Notice. *Id.* at 9 n.2.

Our jurisdiction to review a final order of removal that is based on the noncitizen's commission of an aggravated felony is strictly limited to colorable constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C)–(D). In addition, under 8 U.S.C. § 1252(d)(1), we may review a final order of removal only if "the

alien has exhausted all administrative remedies available to the alien as of right." The administrative exhaustion provision is not jurisdictional, but it speaks in mandatory terms. *Santos-Zacaria*, 143 S. Ct. at 1110; *see* 8 U.S.C. § 1252(d)(1). Thus, because the Attorney General raised the statutory requirement of exhaustion in response to Petlechkov's petition, we must enforce it. *See Manrique v. United States*, 581 U.S. 116, 121, 125 (2017) (if properly raised by a party, mandatory claim-processing rules are "unalterable").

Whether the mandatory claim-processing rule of exhaustion applies here turns on whether Petlechkov was, in fact, served with the Notice of Intent and given a reasonable opportunity to respond to it. If so, we will not review his challenges to the removal order because he failed to timely raise any of them before the agency during his expedited removal proceedings. *See Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1289 (11th Cir. 2014), *abrogated in part by Santos-Zacaria*, 143 S. Ct. at 1110. If he was not served or given an opportunity to respond, agency review arguably was not an "available" administrative remedy for Petlechkov, and his failure to respond to the Notice within the time provided would not bar our review of his legal challenges to the final order of removal.

We decline to decide the question of service in the first instance. Petlechkov claims that he informed the Department in writing several times that he had not been served with notice of the Department's intent to issue a final order of removal. Both parties refer to an affidavit filed by Petlechkov and apparently served on the Department in a related habeas proceeding. But none of those

20-14861                    Order of the Court                    5

documents are contained in the administrative record, and they are thus outside the scope of our review. *See* 8 U.S.C. § 1252(b)(4)(A). Nor does the record contain any findings by the Department as to whether the issuing officer served the Notice of Intent in compliance with agency regulations. *See* 8 C.F.R. §§ 103.8, 238.1(b). As a court of review, we are not in a position to make such findings ourselves. *See Gonzales v. Thomas*, 547 U.S. 183, 185–86 (2006). "Rather, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* at 186 (quoting *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002)).

We therefore remand the case to the Department for the limited purpose of determining whether Petlechkov was properly served with the Notice of Intent and afforded a reasonable opportunity to respond and supplementing the administrative record with documents and evidence relevant to its determination. If the Department concludes on remand that the better course would be to vacate the removal order and conduct additional proceedings under 8 U.S.C. § 1228 or to refer the matter to an immigration judge for proceedings under 8 U.S.C. § 1229a, it should so indicate in a written decision. *See* 8 C.F.R. § 238.1. In the meantime, we retain jurisdiction over the petition for review.

We acknowledge Petlechkov's report that the Department has not yet taken any action in response to our April 20, 2023 remand, despite his attempts to communicate with the Department. We request that the Department expedite the process of obtaining additional evidence (if necessary) and making its determination.

6                    Order of the Court                    20-14861

The Respondent is instructed to submit a status report regarding the Department's progress within 30 days of the date of this order. The parties are instructed to notify the Court within 14 days after the Department issues its decision on remand, and to file the expanded administrative record as soon as practicable thereafter.

Petlechkov's motion for clarification of the Court's opinion is GRANTED. We VACATE the April 20, 2023 opinion of the Court and issue this order for a limited remand in its place. We DENY as moot Petlechkov's motion for rehearing. We DENY (without prejudice to renewal) his motions to take judicial notice and to supplement the record. We GRANT his motion to waive the rules requiring paper copies of his motions.

*It is so ordered.*