**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4296**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE MALCOLM HARGROVE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:19-cr-00114-RJC-DSC-1)

———————

Submitted:  January 17, 2024                  Decided:  February 8, 2024

———————

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Malcolm Hargrove appeals the district court's restitution order and amended criminal judgment. Hargrove pled guilty to three child pornography offenses. On January 26, 2021, at sentencing, the district court imposed a 210-month sentence but deferred its final determination of restitution for 90 days due to the number of victims. Hargrove appealed, arguing that the district court erred in calculating his advisory Sentencing Guidelines range and failed to comply with Fed. R. Crim. P. 32. We affirmed the criminal judgment. *United States v. Hargrove*, No. 21-4090, 2022 WL 1135098, at *1-2 (4th Cir. Apr. 18, 2022).

In the original criminal judgment, the district court stated that "[t]he determination of restitution is deferred until 4/26/2021," which was 90 days after the sentencing hearing. (J.A. 106).[*] The judgment continued, "Upon such a determination an *Amended Judgment in a Criminal Case (AO 245C)* will be entered. Failing such a determination by 4/26/2021, [the] restitution amount becomes $0.00 without further Order of the Court." (J.A. 106). On April 6, 2021, within the 90-day deadline provided in 18 U.S.C. § 3664(d)(5), the Government filed a motion for restitution, seeking a total of $30,000 of restitution for eight victims. The Government's motion stated that Hargrove objected but did not describe the basis for his objection. Hargrove did not file a response to the Government's motion.

On May 4, 2022, the district court ordered that the judgment be amended to require Hargrove to pay $30,000 in restitution, as described in the Government's motion for

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

2

restitution. The court stated that it had left open at sentencing a final determination of restitution. The court also noted that, although the Government's restitution motion indicated Hargrove objected, he had not filed a response. The court entered the amended criminal judgment on May 12, 2022.

On appeal, Hargrove first argues that the district court lacked jurisdiction to enter its May 4, 2022, restitution order or modify the restitution amount in the amended criminal judgment because our court's mandate in his first appeal did not issue until May 10, 2022. However, the Supreme Court has made clear "that deferred restitution cases involve two appealable judgments, not one." *Manrique v. United States*, 581 U.S. 116, 123 (2017). Thus, a defendant's appeal in a deferred restitution case of some portions of his sentence does not divest the district court of jurisdiction to make a final determination as to restitution, from which the defendant might then file a second notice of appeal—as Hargrove did here. *See id.* at 124 (explaining that, "[b]y deferring restitution, the court is *declining* to announce a sentence," meaning a sentence as to restitution is not yet final).

Hargrove next contends that the district court lacked statutory authority to amend the restitution amount because the court's original criminal judgment stated that, if restitution was not determined by April 26, 2021, which it was not, then restitution would become $0 without further order from the court. Hargrove further argues that, even if the court had the authority to amend the restitution amount, it failed to properly follow the statutory procedures associated with ordering restitution.

"To preserve an issue for appeal, an objection or argument must be timely and state the grounds on which it is based." *In re Under Seal*, 749 F.3d 276, 287 (4th Cir. 2014)

3

(cleaned up).  Critically, "[i]f a party wishes to preserve an argument for appeal, the party must press and not merely intimate the argument during the proceedings before the district court." *CoreTel Va., LLC v. Verizon Va., LLC*, 808 F.3d 978, 988 (4th Cir. 2015) (internal quotation marks omitted).  At bottom, "the party must raise the argument in a manner sufficient to alert the district court to the specific reason the party seeks relief." *Id.* (internal quotation marks omitted).

Although the Government's motion for restitution alluded to Hargrove having some objection to the motion, it did not describe the basis for Hargrove's objection—nor was the Government obligated to do so.  And Hargrove filed neither a response to the Government's motion nor any objection to the district court's restitution order in the eight-day period between the entry of the restitution order and the amended criminal judgment. *See* Fed. R. Crim. P. 51(b) (noting that, to preserve a claim of error, a party must "inform[] the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection").  Accordingly, we review Hargrove's two remaining nonjurisdictional claims for plain error.

"[T]o establish plain error, [Hargrove] has the burden of showing: (1) that an error was made, (2) that the error was plain, and (3) that the error affected his substantial rights." *United States v. Green*, 996 F.3d 176, 185 (4th Cir. 2021).  "Even then, correction of an error is discretionary, and we will exercise that discretion only if an error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).  "An error is

4

plain if the error is clear or obvious." *United States v. Kim*, 71 F.4th 155, 163 (4th Cir. 2023) (internal quotation marks omitted), *cert. denied*, No. 23-5846, 2023 WL 8007580 (U.S. Nov. 20, 2023).

Turning to the merits of his nonjurisdictional claims, Hargrove concedes on appeal that restitution was mandatory in his case because he pled guilty to trafficking in child pornography. *See* 18 U.S.C. § 2259(b)(2), (c)(3). Under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664, "[i]f the victim's losses are not ascertainable by . . . 10 days prior to sentencing, . . . the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing," 18 U.S.C. § 3664(d)(5).

The Supreme Court has instructed "that a sentencing court that misses the 90-day deadline [in § 3664(d)(5)] nonetheless retains the power to order restitution—at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan v. United States*, 560 U.S. 605, 608 (2010). Consequently, "[t]he fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." *Id.*; *see United States v. Johnson*, 400 F.3d 187, 199 (4th Cir. 2005) (stating that district court's "failure to conform with the [90]-day limit constitutes harmless error absent prejudice"). Thus, the district court's entry of the restitution order and amended criminal judgment beyond the 90-day deadline is not dispositive of whether the court had the authority to act.

5

We conclude that the district court did not plainly err by amending the restitution order more than 90 days after the sentencing hearing because *Dolan* suggests that the court nonetheless retained the authority to amend the restitution order. As *Dolan* explained, to deprive the district court of the authority to order restitution in these circumstances "would harm . . . the victims of crime[] who likely bear no responsibility for the deadline's being missed and whom [the MVRA] also seeks to benefit." 560 U.S. at 613-14. Indeed, "[t]he potential for such harm—to third parties—normally provides a strong indication that Congress did not intend a missed deadline to work a forfeiture, here depriving a court of the power to award restitution to victims." *Id.* at 614.

As *Dolan* made clear, "neither the language nor the structure of [§ 3664(d)(5)] requires denying the victim restitution in order to remedy a missed . . . deadline." *Id.* at 615. In the Supreme Court's view, "doing so would defeat the basic purpose of the [MVRA]." *Id.*; *see United States v. Robl*, 8 F.4th 515, 526 (7th Cir. 2021) ("The [MVRA] imposes a deadline to give victims timely relief; it is not written to give defendants an absolute deadline, after which they are freed from providing restitution to the individuals they have harmed." (internal quotation marks omitted)). Finally, and vitally, the MVRA mandated restitution in Hargrove's case, meaning the district court was required to order it—a fact Hargrove acknowledges on appeal. *See Dolan*, 560 U.S. at 612 ("[T]he [MVRA's] text places primary weight upon, and emphasizes the importance of, imposing restitution upon those convicted of certain federal crimes."). We therefore conclude that the district court did not plainly err in ordering restitution and amending the judgment.

6

Hargrove last argues that, even if the district court had jurisdiction and authority to modify the restitution amount, the court procedurally erred by not holding a restitution hearing prior to entering the restitution order, not directing him to respond to the Government's motion for restitution, and not giving him an opportunity to contest the restitution order.

Hargrove's claims of procedural error lack merit. First, Hargrove did not request a restitution hearing, and the court was not required to provide him one. Second, the district court was not required to explicitly invite Hargrove to respond to the Government's motion or object to the court's restitution order. In fact, local rules in the Western District of North Carolina provided that, unless otherwise directed by the district court, Hargrove had to respond to the Government's restitution motion within seven days—which he did not do. Hargrove's failure to participate in the restitution proceedings was of his own accord.

Accordingly, we affirm the restitution order and the amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7