# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40299
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Richard Blake Howard,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CR-3-1

_____

Before Elrod, *Chief Judge*, and Jones and Smith, *Circuit Judges*.
Per Curiam:[*]

Richard Blake Howard appeals the restitution order imposed following his guilty plea convictions for receipt of child pornography and possession of child pornography. On appeal, he argues that the district court reversibly erred in determining the amount of restitution because it did not conduct a proximate-cause analysis to support the award, pursuant to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40299

*Paroline v. United States*, 572 U.S. 434 (2014), or otherwise consider evidence of the victims' compensable losses. The government moves to dismiss his appeal as untimely.

Restitution is part of a defendant's criminal sentence, so the restitution amount is ordinarily imposed at sentencing. *See United States v. Pleitez*, 876 F.3d 150, 158–59 (5th Cir. 2017); 18 U.S.C. § 2259 (imposing mandatory restitution for certain child pornography offenses). However, at Howard's sentencing hearing, the district court expressly deferred its determination of the restitution amount for 90 days, as authorized by statute and requested by the parties. *See* 18 U.S.C. § 3664(d)(5). During that time, the parties filed a joint stipulation in which Howard, with advice of counsel, agreed to pay specified amounts of restitution to certain victims. The district court then entered an order of restitution in the stipulated amounts.

Under binding Supreme Court precedent, the district court's initial judgment and its restitution order constitute separate judgments. *See Manrique v. United States*, 581 U.S. 116, 122–23 (2017). Thus, although Howard filed a timely notice of appeal from the initial judgment, that notice does not function as a notice of appeal from the restitution order. *See id.* Howard's notice of appeal from the restitution order was untimely, and it was also beyond the permissible extension period. *See* Fed. R. App. P. 4(b)(1), (4).

While the timely filing of a notice of appeal in a criminal case is not jurisdictional, it is mandatory. *United States v. Pesina-Rodriguez*, 825 F.3d 787, 788 (5th Cir. 2016); *see also Manrique*, 581 U.S. at 121. We will enforce the mandatory time limit by dismissing the appeal where, as here, the government timely raises the issue. *See United States v. Hernandez-Gomez*, 795 F.3d 510, 511 (5th Cir. 2015).

2

No. 23-40299

Accordingly, the government's motion is GRANTED, and the appeal is DISMISSED.