[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-12047
Non-Argument Calendar

————————————————

D.C. Docket No. 1:09-cr-00551-LMM-JFK-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARLOS MONTEMAYOR,
a.k.a. Fox,
a.k.a. The Director,
a.k.a. Licenciado,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(May 29, 2020)

Before GRANT, LUCK and FAY, Circuit Judges.

PER CURIAM:

Carlos Montemayor appeals his convictions for conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine, possession with intent to distribute cocaine, and conspiracy to launder money. He also appeals the order that disqualified his previous attorney, Richard Rice, and the order that required him to pay $192,000,000 in forfeiture. We affirm in part and dismiss in part.

## I. BACKGROUND

In December 2009, Montemayor was indicted on one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 846; one count of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 960(b)(1)(B)(ii), 963; three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(A)(ii); and one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). The government also included a forfeiture provision in the indictment.

Montemayor hired Richard Rice to represent him. The government filed a motion to disqualify Rice, asserting that he was prohibited from representing Montemayor based on his participation while he was an Assistant United States Attorney ("AUSA") in the investigation that ultimately led to the indictment in this case. A magistrate judge disqualified Rice due to his prior role in the case as an AUSA. The district court affirmed the magistrate judge's order over Montemayor's objections. A magistrate judge subsequently appointed counsel for Montemayor.

2

Montemayor informed the district court that he wanted to enter a non-negotiated guilty plea to all six counts he was charged with committing. The district court held a change of plea hearing and confirmed that Montemayor knew he was under oath and that he had to answer all of the court's questions truthfully. The court also confirmed that Montemayor understood the charges he was pleading guilty to, that he waived his constitutional rights by pleading guilty, that he knew the consequences of pleading guilty, and that he would be bound by his plea with no right to withdraw it.

On May 16, 2019, the district court held a sentencing hearing and imposed a sentence of 240 months of imprisonment for the money laundering charge and 411 months of imprisonment for each of the remaining counts, all to be served concurrently. In addition, the district court determined that forfeiture would be ordered but it would delay determining the amount until it could determine the exact amount of drugs attributable to Montemayor. In reference to an appeal, the district court told Montemayor that he would be able to appeal if he believed that his guilty plea was somehow "unlawful or involuntary or there is some other fundamental defect" in his proceedings.

On May 28, 2019, Montemayor submitted a notice of appeal to appeal the "Judgment of Sentence entered on May 16, 2019." Montemayor filed a motion to withdraw his guilty plea arguing that he was denied his Sixth Amendment right to constitutionally effective counsel. The district court denied Montemayor's motion.

3

The district court held a second sentencing hearing on August 7, 2019, continuing the May 16th hearing.  The court entered an order and judgment of forfeiture that same day, ordering Montemayor to forfeit $192,000,000.[1]  The court then entered a separate order of judgment and commitment.

On appeal, Montemayor argues that the district court committed a fundamental error when it disqualified Rice without holding an evidentiary hearing.  Montemayor also contends that the district court erred when it ordered him to forfeit the same $192,000,000 that the lead defendant in this case, Edgar Valdez-Villareal, admittedly derived from the crimes and previously had been ordered to forfeit.  The government has moved to dismiss Montemayor's appeal as it relates to the forfeiture order.[2]

## II. DISCUSSION

### A. Disqualification of Montemayor's Attorney

We review *de novo* whether a defendant's voluntary, unconditional guilty plea waives his ability to appeal adverse rulings of pretrial motions.  *United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003).  Rule 32 requires that "[a]fter sentencing-- regardless of the defendant's plea--the court must advise the defendant of any right to appeal the sentence."  Fed. R. Crim. P. 32(j)(1)(B).  We have long held that, generally

---

[1] The district court also entered an order requiring Montemayor's co-defendant, Edgar Valdez-Villareal, to pay $192,000,000 in forfeiture.

[2] We previously granted the government's motion to dismiss Montemayor's appeal in part, dismissing Montemayor's appeal of the denial of his motion to withdraw his guilty plea; however, we carried the forfeiture issue with the case.

speaking, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all *nonjurisdictional* defects in that defendant's court proceedings." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984); *accord United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014).

> A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a "conditional plea" in accordance with Fed. R. Crim. P. 11(a)(2). The conditional plea must be in writing and must be consented to by the court and by the government.

*United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (footnote omitted).

The Rule 11 plea colloquy "constitutes the constitutional minimum requirements for a knowing and voluntary plea for federal courts." *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991). The three core objectives of Rule 11 are: "(1) ensuring that the guilty plea is free from coercion; (2) ensuring that the defendant understands the nature of the charges against [him]; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." *United States v. Camacho*, 233 F.3d 1308, 1314 (11th Cir. 2000). There is a strong presumption that a plea created by proceedings that follow Rule 11 is knowing and voluntary, and that the statements made during that hearing are true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 & n.8 (11th Cir. 1987).

Here, Montemayor waived his challenge to whether the district court properly disqualified his previous counsel because he entered an unconditional guilty plea. While the district court did advise Montemayor of his right to appeal, it did not make

his appeal conditional because it was not in writing, was not consented to by the government, and the district court's statement did not reference the disqualification of Montemayor's counsel. *See* Fed. R. Crim. P. 32(j)(1)(B). Montemayor confirmed at his plea colloquy that he understood that he was under oath, he understood the charges he was pleading guilty to, he waived his constitutional rights by pleading guilty, he knew the consequences of pleading guilty, and he would be bound by his plea with no right to withdraw it. Montemayor failed to rebut the strong presumption that the statements he made during his Rule 11 hearing were true, which established that his plea was knowing and voluntary. *See Gonzalez-Mercado*, 808 F.2d at 800 & n.8. Thus, Montemayor waived his claim regarding his previous attorney's disqualification when he entered an unconditional guilty plea. *Yunis*, 723 F.2d at 796; *Brown*, 752 F.3d at 1347.

**B. Montemayor's Challenge to the Forfeiture Amount**

Generally, we have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. 1291. An appeal from a final judgment "draws in question all prior non-final orders and rulings" that produced it. *Barfield v. Brierton*, 883 F.2d 923, 930-31 (11th Cir. 1989). In criminal cases, a "notice of appeal filed after the court announces a decision, sentence, or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry." Fed. R. App. P. 4(b)(2). Rule 4(b)(2) applies where a notice of appeal is filed after a sentence is announced but before the judgment is entered on the docket, however, "[i]f the court has not yet

decided the issue that the appellant seeks to appeal, then [Rule 4(b)(2)] does not come into play." *Manrique v. United States*, 137 S. Ct. 1266, 1273 (2017).

Here, Montemayor's notice of appeal was filed before the district court determined how much money he would be required to forfeit. Although his premature notice of appeal became effective to appeal the final judgment and conviction when those were later entered, it could not become effective to appeal the forfeiture order because the district court determined the forfeiture amount separately. *Id.* Accordingly, we affirm the convictions and grant the government's partial motion to dismiss.

**AFFIRMED IN PART; DISMISSED IN PART.**