# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2021

Lyle W. Cayce
Clerk

No. 20-11129
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRANDON JAMAAL RAMBO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-186-3

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Brandon Jamaal Rambo has appealed the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Rambo's notice of appeal was filed 98 days after entry of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11129

the order appealed from and was therefore untimely. *See* FED. R. APP. P. 4(b)(1)(A)(i).

The Government has moved to dismiss the appeal because Rambo did not timely file his notice of appeal. Alternatively, it requests a 30-day extension to file a merits brief.

The Rule 4(b) time limit, although not jurisdictional, is mandatory. *United States v. Hernandez-Gomez*, 795 F.3d 510, 511 (5th Cir. 2015); *see also Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) (holding that once the Government objected to the lack of a timely notice of appeal, the appellate court's "duty to dismiss the [criminal] appeal was mandatory" (internal quotation marks and citation omitted)). The Government has not waived the time limitation, as it contests the timeliness of Rambo's notice of appeal in its first substantive filing. *See Hernandez-Gomez*, 795 F.3d at 511.

Rambo filed his notice of appeal after the expiration of the time for filing a timely appeal and beyond the time during which the district court could have granted him an extension upon a showing of either excusable neglect or good cause. *See* FED. R. APP. P. 4(b)(1)(A)(i), (b)(4); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000). Accordingly, the Government's motion to dismiss is GRANTED, its alternative motion for an extension of time is DENIED as unnecessary, and the appeal is DISMISSED as untimely.