# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4863**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARL RAY MCNEIL, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:02-cr-00098-F-1)

Submitted: August 31, 2017             Decided: September 8, 2017

Before NIEMEYER, MOTZ, and HARRIS, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a successful collateral attack on his sentence, the district court resentenced Carl Ray McNeil, Jr., to 382 months' imprisonment and imposed $92,568.73 in restitution. On appeal, McNeil challenges the restitution award and his sentence of imprisonment. We dismiss McNeil's appeal of the restitution order and affirm his sentence of imprisonment.

The Government contends we should dismiss McNeil's challenge to the district court's restitution order because he failed to file a notice of appeal after the court amended its judgment to include restitution. We agree. In a criminal case, a defendant must file his notice of appeal within 14 days after the entry of judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A). "To secure appellate review of a judgment or order, a party must file a notice of appeal from that judgment or order." *Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017). In *Manrique*, the Court concluded that a defendant who seeks to appeal a district court's deferred restitution order must file a notice of appeal after the court enters its amended judgment. *Id.* Although this case is not a deferred restitution case, we conclude that *Manrique* applies. The court did not impose restitution at McNeil's resentencing, although it did so at his original sentencing. Recognizing this omission, the court sua sponte entered an amended judgment imposing restitution after McNeil filed his notice of appeal, stating that it was correcting a clerical error pursuant to Fed. R. Crim. P. 36. Because McNeil has not filed a notice of appeal from this order or the amended judgment and the Government has timely invoked

2

McNeil's failure to do so, we dismiss this portion of the appeal.* *See Manrique*, 137 S. Ct. at 1271.

Turning to McNeil's sentence of imprisonment, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. In considering a sentence above the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). A district court cannot give excessive weight to any single § 3553(a) factor. *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006).

McNeil contends that his sentence is procedurally unreasonable because the district court failed to adequately address his arguments in favor of a low-end Guidelines

---

* We express no opinion on the propriety of the district court's use of Rule 36 to reimpose the restitution it omitted after McNeil's resentencing.

sentence and that his sentence in substantively unreasonable in light of the § 3553(a) factors. In evaluating a sentencing court's explanation of a selected sentence, we have consistently held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *Carter*, 564 F.3d at 329-30.

We conclude that the district court's explanation of the sentence was adequate. The court recognized that it was required to recognize McNeil's postconviction conduct. Moreover, given the parties' extensive argument concerning how much weight the court should give to the conduct, the court's comment indicates that it did indeed consider it.

However, the record reveals that the court found the heinous nature of McNeil's offense conduct to be a more important factor in fashioning the sentence. Additionally, the court specifically referenced three of the § 3553(a) factors at sentencing. While the court focused primarily on the seriousness of the offense conduct, we conclude that this is a case where the sentencing decision appropriately "turn[ed] on a single § 3553(a) factor." *United States v. Engle*, 592 F.3d 495, 504 (4th Cir. 2010). McNeil's advancing age and attempts at rehabilitation may reduce the threat to public safety, but his actions of robbing a post office with a firearm and then shooting an officer in pursuit not only seriously injured the officer, but could have resulted in serious injury or death to any bystanders. Thus, we conclude the district court did not abuse its discretion in imposing an above-Guidelines sentence.

Accordingly, we dismiss the appeal as to the restitution order and affirm as to McNeil's sentence of imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*