**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4925**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CARL RAY MCNEIL, JR.,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:02-cr-00098-BO-1)

Submitted:  February 24, 2022        Decided:  March 7, 2022

Before NIEMEYER, MOTZ, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF**:  Raymond C. Tarlton, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Ray McNeil, Jr., pled guilty to discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced McNeil to an aggregate sentence of 447 months' imprisonment and ordered him to pay $92,568.73 in restitution. After granting McNeil's 28 U.S.C. § 2255 motion to challenge his designation as an armed career criminal,[1] the district court resentenced McNeil to 382 months' imprisonment, and while it omitted restitution from the initial judgment, reentered the restitution award in an amended judgment. On appeal, we affirmed the sentence of imprisonment and dismissed McNeil's appeal of the restitution order. *United States v. McNeil*, 707 F. App'x 764, 765-66 (4th Cir. 2017) (No. 16-4863).

The district court then granted a second § 2255 motion, reentering the judgment so McNeil could appeal the award of restitution. McNeil also contends that his guilty plea was not knowing and voluntary, that he was not competent to plead guilty, and that the district court erred in imposing conditions of supervised release that it did not announce at the resentencing hearing.[2] We affirm McNeil's convictions, vacate his sentence, and remand for resentencing.

---

[1] *See* Armed Career Criminal Act, 18 U.S.C. § 924(e).

[2] McNeil, in the issues for review section of his brief, argues that robbery of a postal matter under 18 U.S.C. § 2114 is not a crime of violence for purposes of his § 924(c) conviction. Yet he cites no authority for this proposition nor addresses it in the argument section of his brief. This conclusory argument cannot preserve appellate review of this claim. *See United States v. Arbaugh*, 951 F.3d 167, 174 n.2 (4th Cir. 2020).

McNeil contends that his plea was not knowing and voluntary because the district court failed to advise him that the Government had to prove that he knew was a felon in order to sustain a conviction under § 922(g). Because McNeil did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, McNeil "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). In the guilty plea context, a defendant can establish that an error affected his substantial rights by showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted). Even if McNeil makes this showing, we will correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Henderson v. United States*, 568 U.S. 266, 272 (2013) (cleaned up).

"Before accepting a guilty plea, a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see* Fed. R. Crim. P. 11(b)(1)(G). While this case was pending on appeal, the Supreme Court held that in § 922(g) cases, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

In conducting the Rule 11 colloquy, the district court failed to fully advise McNeil of the elements of the § 922(g)(1) charge because it did not advise him that the Government

had to prove that he knew he was a felon when he possessed the firearm. Thus, the district court committed *Rehaif* error. However, "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021).

McNeil tries to make this showing by arguing that he served little time in prison and would not have understood that he was a felon. But as the Supreme Court explained in *Greer*:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets.

*Id.* at 2097 (cleaned up).

McNeil had sustained several adult felony convictions prior to committing his § 922(g) offense. He served a three-year suspended sentence, showing that he knew that his prior robberies were punishable by more than one year in prison. Thus, there is not a reasonable probability that, but for the district court's failure to fully advise McNeil of the mens rea elements of § 922(g), the outcome of the proceeding would have been different.

McNeil argues that he was not competent to plead guilty and that the district court erred in failing to sua sponte order a competency hearing. We apply the plain error standard "when a defendant did not raise competency issues while represented by counsel." *United States v. Ziegler*, 1 F.4th 219, 228 (4th Cir. 2021). Without a motion from either party, a

4

district court must sua sponte order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "Whether reasonable cause exists is a question left to the sound discretion of the district court." *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013) (internal quotation marks omitted). "Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." *Id.* at 592-93 (internal quotation marks omitted).

The district court did not plainly err in declining to sua sponte order a competency hearing. As soon as McNeil entered a notice of an insanity defense, the court ordered a psychological evaluation. The evaluator concluded that McNeil was competent to proceed, and McNeil did not challenge that conclusion below. Moreover, nothing in the transcript of the plea colloquy or sentencing hearing reveals any cause to believe that McNeil was not competent during the proceedings. Therefore, we affirm McNeil's convictions.

Turning to McNeil's sentencing challenges, the parties rightfully argue that the district court erred in imposing discretionary conditions of supervised release in the written judgment that it did not announce at the resentencing hearing. We review de novo whether the sentence imposed in the written judgment matches the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020). In *Rogers*, we vacated the defendant's sentence and remanded to the district court based on the court's failure to orally announce the standard, but discretionary, conditions

of supervision included in the written judgment. 961 F.3d at 296-301. We explained that "the requirement that a district court expressly adopt a written list of proposed conditions is not a meaningless formality: It is a critical part of the defendant's right to be present at sentencing." *Id.* at 300 (internal quotation marks omitted). Although the district court did not have the benefit of *Rogers* at the time of sentencing, this error requires that the district court conduct a resentencing hearing. *See United States v. Singletary*, 984 F.3d 341, 346-47 & n.4 (4th Cir. 2021). Thus, we need not reach McNeil's challenge to the restitution order, and we express no opinion on the merits of his challenge to it.

Therefore, we affirm McNeil's convictions, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*