**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUAN MIGUEL SALAZAR-NORIEGA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | Nos. 21-70618, 22-160 <br><br> Agency No. A200-242-324 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 8, 2022[**]
Submitted January 18, 2023
Pasadena, California

Before: FRIEDLAND and KOH, Circuit Judges, and KORMAN,[***] District Judge.

Juan Miguel Salazar-Noriega ("Salazar"), a native and citizen of Mexico,

appeals from the Board of Immigration Appeals' ("BIA") decision affirming an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), protection under the Convention Against Torture ("CAT"), cancellation of removal, and voluntary departure. Salazar also appeals the BIA's decision to decline to *sua sponte* reopen his immigration proceedings. Having reviewed the relevant legal and constitutional questions de novo and the agency's factual findings for substantial evidence, *see Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), we deny Salazar's petition.

**1.** The agency adequately addressed Salazar's claim that his opposition to cartels qualified him for withholding of removal. Even if the IJ erred by not focusing specifically on this argument, the BIA expressly rejected it, noting that the record contained no evidence, aside from speculation, suggesting that Salazar held, expressed, or would be viewed as holding political opinions or religious beliefs opposed to cartels. Contrary to Salazar's contention, the BIA may "conduct[] a de novo review and conclude[] that [a petitioner] did not" provide "evidence sufficient to establish" his claims. *Singh v. Holder*, 591 F.3d 1190, 1198 (9th Cir. 2010) (quotation marks omitted); *see also Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995).

The BIA's rejection of Salazar's political opinion- and religious belief-based opposition-to-cartels arguments also sufficed to reject his argument that he would

2

face persecution due to his membership in a social group consisting of Mexicans opposed to cartels. In observing that the record lacked evidence supporting Salazar's religion and political opinion claims, the BIA effectively identified a fatal flaw with his Mexicans-opposed-to-cartels social group claim: Salazar provided no nonspeculative evidence that he would be identified as a member of such a group. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

**2.** The agency correctly concluded that Salazar's alleged status as an "individual[] returning to Mexico from the United States who [is] believed to be wealthy" does not qualify him for withholding of removal. *Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019) (quotation marks and alterations omitted).

**3.** Salazar's membership in his family also does not qualify him for withholding of removal. As the agency rationally determined, Salazar's evidence does not demonstrate that he would be targeted for persecution *because* of his familial ties. That evidentiary deficiency undermines Salazar's claim. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of . . . withholding of removal claims.").[1]

**4.** The BIA did not err in adopting the IJ's decision to deny Salazar CAT relief. As the IJ found, Salazar "presented absolutely no evidence that anyone would be

---

[1] As Salazar concedes, our rejection of all his arguments regarding his eligibility for withholding of removal means we have no occasion to disturb the agency's denial of his asylum application.

3

interested in torturing him." Salazar does not provide any argument to challenge that conclusion, and his failure to "demonstrate that he would be subject to a *particularized threat of torture*" is fatal to his claim. *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (quotation marks omitted).

**5.** We have jurisdiction to review the agency's cancellation of removal and voluntary departure decisions for only legal or constitutional error. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1176–77 (9th Cir. 2013); *Figueroa v. Mukasey*, 543 F.3d 487, 495 (9th Cir. 2008). Salazar fails to identify any potential legal error in the agency's voluntary departure decision, and we thus dismiss that aspect of his petition.

With respect to cancellation of removal, Salazar argues that the BIA violated his due process rights by failing to consider an argument that he raised for the first time in his administrative appeal—that his two-year old daughter, who would necessarily accompany him back to Mexico, would suffer "exceptional and extremely unusual hardship" there because of her gender. 8 U.S.C. § 1229b(b)(1)(D). We assume for the sake of this argument that a petitioner has a due process right to have the BIA consider an argument raised before it in the first instance. *Cf. Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by a petitioner.").

4

Yet Salazar cannot, as he must, "show[] that the" BIA's failure do to so here "potentially affected the outcome of the immigration proceeding" and thus "caused him prejudice." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). Salazar does not point to any authority suggesting that the agency would accept a hardship claim as broad as the one he advanced—that all women in Mexico experience "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). Moreover, some of the allegedly most compelling country conditions evidence upon which Salazar relied does not appear in subsequent country reports in the record, and those more recent reports even suggest that conditions for women in Mexico are improving.

**6.** We have jurisdiction to review the BIA's refusal to *sua sponte* reopen immigration proceedings "only for 'legal or constitutional error.'" *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020) (quoting *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)). In this case, the BIA did not commit any such error when it rejected Salazar's argument that a Notice to Appear that does not specify the time and place of an alien's initial removal hearing deprives an IJ of jurisdiction over the removal proceedings. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–94 (9th Cir. 2022) (en banc). To the extent Salazar now argues that the absence of time and place of hearing on his Notice to Appear constitutes a "prejudicial claims processing violation," he failed to timely raise that objection during the proceedings before the

IJ, in which he attended his hearings and was represented by counsel. *Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) (explaining that "mandatory claim-processing rules may be forfeited" when "the party asserting the rule waits too long to raise the point" (cleaned up)).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal filed in 22-160 (Docket Entry No. 2) is otherwise denied as moot.

**DISMISSED IN PART AND DENIED IN PART.**