FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Octavio Carrillo Carrillo, | No.   21-964 |
| Petitioner, | Agency No. A096-742-498 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023**
San Francisco, California

Before: S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

Octavio Carrillo Carrillo, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision denying his appeal from an

immigration judge's ("IJ") decision denying Carrillo Carrillo relief under the

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where, as here, the BIA cites [*Matter of*] *Burbano* [20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)).

Despite Carrillo Carrillo's criminal convictions, we may review questions of fact as to his CAT claim. *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (the limits on judicial review of removal orders for people with certain convictions do not apply to CAT orders because CAT orders are "distinct" from "final order[s] of removal" and "do[] not affect" removal orders' "validity").

We review an agency's decision that a petitioner failed to establish eligibility for CAT relief for substantial evidence, upholding the decision unless "the evidence in the record compels a contrary conclusion." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154 (9th Cir. 2022) (quoting *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011)). However, when considering relief from removal, "we review *de novo* . . . purely legal questions." *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013) (quoting *Mendoza–Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012)). Because the parties are familiar with the factual and procedural

2

history of the case, we need not recount it here.  We dismiss in part and deny in part the petition for review.

I

We lack jurisdiction over "due process claims based on correctable procedural errors unless the [noncitizen] raised them below." *Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir. 2002).  Carrillo Carrillo failed to argue before the BIA that the IJ violated his due process rights when the IJ failed to accommodate his difficulty obtaining evidence while he was incarcerated during the COVID-19 pandemic.  But, if asked, the BIA could have considered whether the IJ provided Carrillo Carrillo sufficient opportunity to gather evidence, and the BIA could have remanded if Carrillo Carrillo showed he required additional opportunity.  Because Carrillo Carrillo's due process claim was a "correctable procedural error[]" that was not raised below, the claim was not  properly exhausted and cannot be considered. *See id.; Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  Therefore, we dismiss this portion of the petition.

II

Carrillo Carrillo proffered two theories for why he would be tortured in Mexico—his family connections and his status as a prominent musician.  He argues that the agency should have "aggregate[d] the risks posed by [these] two

3

theories" when determining whether there was a "probability greater than 50 percent that [Carrillo Carrillo] will be tortured." *Velasquez-Samayoa*, 49 F.4th at 1155–56. Instead, the agency erred by only considering Carrillo Carrillo's family connections when analyzing his risk of torture. *See id.* However, nothing in the record compels a finding that the Mexican government would acquiesce in Carrillo Carrillo's torture. *See B.R. v. Garland*, 26 F.4th 827, 844–45 (9th Cir. 2022); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Therefore, we deny this portion of the petition.

"Because [Carrillo Carrillo] failed to satisfy this essential element, he is ineligible for CAT protection, and we need not address his remaining assignments of error. His petition for review as to his application for CAT protection is denied." *B.R.*, 26 F.4th at 845.[1]

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DISMISSED in part and DENIED in part.**

---

[1] We reject Carrillo Carrillo's argument that the absence of time and place of hearing on his Notice to Appear constitutes a "prejudicial claims processing violation" because he failed to timely raise that objection during proceedings before the agency, in which he attended his hearings and was represented by counsel. *Manrique v. United States*, 581 U.S. 116, 121 (2017) (explaining that "mandatory claim-processing rules may be forfeited" when "the party asserting the rule waits too long to raise the point" (cleaned up)).