**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURICIO VELASQUEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-71 <br><br> Agency No. A093-294-069 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2023**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

Mauricio Velasquez petitions for review of the Board of Immigration

Appeals' (BIA's) order denying his motion to terminate and dismissing his

appeal from an Immigration Judge's (IJ's) decision denying cancellation of

removal and voluntary departure. We have jurisdiction pursuant to 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252, and we deny in part and dismiss in part the petition for review.

1.  Velasquez first argues that the BIA erred by denying his motion to terminate his removal proceedings because his defective Notice to Appear (NTA) deprived the agency of jurisdiction to enter a removal order.  This argument is foreclosed by our decision in *United States v. Bastide-Hernandez*, which held that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction."  39 F.4th 1187, 1188 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023).  Velasquez reframes his jurisdictional argument to suggest that *Bastide-Hernandez* requires that his proceeding "be remanded to the agency to consider whether a valid *claim-processing challenge* exists."  But Velasquez did not raise a claim-processing challenge before the agency, so that argument is forfeited.  *See Manrique v. United States*, 581 U.S. 116, 121–22 (2017); *Umana-Escobar v. Garland*, 62 F.4th 1223, 1228–29 (9th Cir. 2023) (holding that the petitioner failed to exhaust the argument that a defective NTA amounted to a claim-processing violation when he only argued before the BIA that the defective NTA deprived the IJ of jurisdiction).

2.  Velasquez next argues that the BIA erred by overlooking the IJ's failure to consider his financial support for his teenage son Jose's acting career or evidence of his rehabilitation when evaluating his criminal history.  We lack jurisdiction to consider this challenge to the IJ's discretionary decisions regarding cancellation of removal and voluntary departure because the

2

challenge does not present a colorable legal or constitutional claim. *See*

*Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Though

Velasquez correctly states that the agency cannot ignore arguments raised by a

petitioner, he did not clearly raise to the IJ the financial support he provides for

Jose's acting career. The only mention of this topic was in Jose's brief

declaration. There, Jose stated that he had begun "doing some acting work" and

that Velasquez "pitche[d] in for the expenses." Jose did not assert, as

Velasquez does in his opening brief, that he is pursuing an acting career,

"analogous to a college education." Notably, Velasquez was asked about Jose's

extracurricular activities during multiple hearings and never mentioned acting.

The IJ did hear testimony that Velasquez provided some financial support to

Jose, and the IJ's decision considered how "reliant" Jose was on Velasquez.

Velasquez also asserts that the IJ failed to "consider the passage of time

as strong evidence of [his] rehabilitation," but the IJ did consider the length of

time that passed between Velasquez's criminal convictions and his removal

hearing, specifically noting the dates of the convictions. Only five years had

passed between Velasquez's last criminal conviction and his first removal

hearing.

Ultimately, Velasquez's arguments amount to claims that the IJ should

have weighed the evidence differently. Because Velasquez's "assertion[s] [are]

nothing more than . . . argument[s] that the IJ abused h[er] discretion," they do

not present a colorable legal or constitutional claim, and we lack jurisdiction to

consider these challenges to the IJ's discretionary decisions. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

3. Last, Velasquez argues that the IJ displayed prejudicial bias, depriving him of due process. An IJ's decision will be reversed on due process grounds only if: (1) "the proceeding was 'so fundamentally unfair that the [petitioner] was prevented from reasonably presenting his case'"; and (2) the petitioner demonstrates that "the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). Velasquez has failed to show that his removal hearing was fundamentally unfair. Though the IJ expressed suspicion that Velasquez had embellished aspects of his testimony and frustration that he had failed to obtain a detailed letter from Jose's doctor or testimony from Jose's mother, the record reflects that Velasquez was able to present his case in detail at three different hearings and the IJ's decision thoroughly examined the relevant information. *See Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) (denying due process challenge where the IJ conducted a removal hearing "in an aggressive manner," but did not deny a fair hearing).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**