MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALMA YAZMIN MORENO
BELMONTES,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   20-73248

Agency No. A200-700-371

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023[**]
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

    Alma Yazmin Moreno Belmontes seeks review of an order from the Board

of Immigration Appeals (BIA) dismissing her appeal of an Immigration Judge's

final order of removal and denial of her application for cancellation of removal.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to consider her legal challenge under 8 U.S.C. § 1252(a)(2)(D), and deny the petition for review.

Moreno has conceded she is removable and does not challenge removability on appeal. The sole argument Moreno raises is that her conviction for solicitation to commit possession of a dangerous drug under section 13-3407 of the Arizona Revised Statutes is not a conviction for a "violation of (or a conspiracy or attempt to violate)" a law "relating to a controlled substance," 8 U.S.C. § 1227(a)(2)(B)(i), which would make her statutorily ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C). Moreno did not present this argument to the BIA and has therefore "fail[ed] to exhaust remedies with respect to that question." *Vargas v. U.S. Dept. of Immigr. & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987). The government has not waived this exhaustion requirement, so we may not review Moreno's claim. 8 U.S.C. § 1252(d)(1).[1]

Even had Moreno not forfeited the argument she now presents, remand to the BIA would be futile. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam). Moreno bears the burden of establishing eligibility for cancellation of

---

[1] Although the exhaustion requirement of § 1252 is not jurisdictional, *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–17 (2023); *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1043 (9th Cir. 2023), it is mandatory unless waived by the government. *Cf. Manrique v. United States*, 581 U.S. 116, 121 (2017) (holding that properly invoked mandatory claim-processing rules are unalterable).

removal. 8 U.S.C. § 1229a(c)(4)(A); *Marinelarena v. Garland*, 6 F.4th 975, 978 (9th Cir. 2021). But Moreno has not carried her burden of proving that her second conviction for possession of drug paraphernalia in violation of section 13-3415 of the Arizona Revised Statutes is not a conviction for a violation of a law relating to a controlled substance, 8 U.S.C. § 1227(a)(2)(B)(i), and so has not established that she is eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C). *See Marinelarena*, 6 F.4th at 978.

**PETITION DENIED.**